**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-2169

SELOME MEGERSA NEGAWO,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: June 9, 2009        Decided: July 7, 2009

Before MICHAEL, KING, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Fitsum Alemu, Arlington, Virginia, for Petitioner. Michael F. Hertz, Acting Assistant Attorney General, Anthony C. Payne, Senior Litigation Counsel, Ali Manuchehry, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Selome Megersa Negawo, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming without opinion the immigration judge's order denying her applications for asylum, withholding of removal and withholding under the Convention Against Torture ("CAT"). We deny the petition for review.

The INA authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2006). It defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds. . . ." Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted).

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2008), and can establish refugee status based on past persecution in her native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2008). Without regard to past persecution, an alien can

2

establish a well-founded fear of persecution on a protected ground. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004). The well-founded fear standard contains both a subjective and an objective component. The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006). "The subjective component can be met through the presentation of candid, credible, and sincere testimony demonstrating a genuine fear of persecution . . . . [It] must have some basis in the reality of the circumstances and be validated with specific, concrete facts . . . and it cannot be mere irrational apprehension." Li, 405 F.3d at 176 (internal quotation marks and citations omitted).

To establish eligibility for withholding of removal, an alien must show a clear probability that, if she were removed to her native country, her "life or freedom would be threatened" on a protected ground. 8 U.S.C. § 1231(b)(3)(A) (2006); see Camara v. Ashcroft, 378 F.3d 361, 370 (4th Cir. 2004). A "clear probability" means that it is more likely than not the alien would be subject to persecution. INS v. Stevic, 467 U.S. 407, 429-30 (1984).

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial

3

evidence on the record considered as a whole.  INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).  Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary.  8 U.S.C. § 1252(b)(4)(B) (2006).  Legal issues are reviewed de novo, "affording appropriate deference to the BIA's interpretation of the INA and any attendant regulations." Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008).  This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution."  Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

For asylum applications filed after the passage of the REAL ID Act of 2005, a trier of fact, "considering the totality of the circumstances and all relevant factors," may base a credibility determination on any inconsistency, inaccuracy, or falsehood "without regard to whether [it] goes to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii) (2006). "[I]n evaluating an asylum applicant's credibility, an IJ may rely on omissions and inconsistencies that do not directly relate to the applicant's claim of persecution as long as the totality of the circumstances establish that the applicant is not credible."  Lin v. Mukasey, 534 F.3d 162, 164 (2d Cir.

4

2008); see also Mitondo v. Mukasey, 523 F.3d 784, 787-88 (7th Cir. 2008) (noting that the new statute abrogates decisions that focus on whether the inconsistency or omission goes to the heart of the applicant's claim for relief). The immigration judge's order is the final decision for this court's review as a result of the Board's affirmance without opinion. Khattak v. Ashcroft, 332 F.3d 250, 253 (4th Cir. 2003).

We find substantial evidence supports the adverse credibility finding. An immigration judge's assessment of an applicant's demeanor merits "great deference." See Tu Lin v. Gonzales, 446 F.3d 395, 400 (2d Cir. 2006); see also Singh-Kaur v. INS, 183 F.3d 1147, 1151 (9th Cir. 1999). Under 8 U.S.C. § 1158(b)(1)(B)(ii) (2006), "a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account . . ." We also find the record does not compel a different result with respect to the denial of relief under the CAT.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

5